UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                            Case No.: 8:19-cr-299-VMC-AAS-2

FLORLANDO MEDINA CAMACHO

_____/

## ORDER

This matter comes before the Court pursuant to Defendant Florlando Medina Camacho's pro se Motion to Correct Sentence (Doc. # 213), filed on February 8, 2024. The Motion seeks to correct the federal judgment against Mr. Camacho so that his state court sentence runs concurrently with his federal court sentence. (Id.). The United States of America responded on March 4, 2024. (Doc. # 215). For the reasons that follow, the Motion is denied.

## I.   Legal Standard

Federal courts have "discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings." Setser v. United States, 566 U.S. 231, 236 (2012). "[T]here is a statutory presumption that multiple terms of imprisonment imposed at different times will run

1

consecutively unless the district court decides otherwise." United States v. Mikell, 847 F. App'x 648, 653 n.5 (11th Cir. 2021) (citing 18 U.S.C. § 3584(a)).

Further, a federal court "may not modify a term of imprisonment once it has been imposed," unless one of three exceptions applies. 18 U.S.C. § 3582(c); see United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."). The first exception requires, among other elements, that "extraordinary and compelling reasons warrant . . . a reduction" or that "the defendant is at least 70 years of age" and "has served at least 30 years in prison." 18 U.S.C. § 3582(c)(1)(A). Under the second exception, "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Id. § 3582(c)(1)(B). The third exception requires that the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." Id. § 3582(c)(2).

Importantly, "[t]he manner in which a state chooses to impose and execute its sentences does not affect the sovereign

right of the United States to impose and execute its sentences in the manner deemed appropriate by the federal courts and federal authorities." <u>Davis v. Coleman-Medium</u>, 666 F. App'x 802, 803 (11th Cir. 2016).

## II.  <u>Discussion</u>

The Court denies Mr. Camacho's Motion. When Mr. Camacho was sentenced in this Court, no mention was made of whether the federal sentence would run concurrently with any sentence imposed for pending charges in state court, despite the parties' knowledge of the pending state court charges. (Doc. # 215 at 5). Therefore, the presumption that the sentences run consecutively applies. Additionally, Mr. Camacho's circumstances do not fall within the exceptions outlined in 18 U.S.C. § 3582(c). As such, this Court cannot modify his sentence.

Mr. Camacho's argument pursuant to Florida Statute Section 921.16(2) does not dictate otherwise. Section 921.16(2) states, in relevant part:

> A county court or circuit court of this state may direct that the sentence imposed by such court be served concurrently with a sentence imposed by a court . . . of the United States . . . . In such case, the Department of Corrections may designate the correctional institution of the other jurisdiction as the place for reception and confinement of such person and may also designate the place in Florida for reception and confinement

3

of such person in the event that confinement in the other jurisdiction terminates before the expiration of the Florida sentence.

Fla. Stat. § 921.16(2). "Although [state] trial courts have the statutory authority to impose a sentence that is to be served concurrently with a sentence imposed by another state or federal court, the Department of Corrections has discretionary authority regarding the placement of an inmate sentenced to serve multiple sentences." Davis v. State, 852 So. 2d 355, 357 (Fla. 5th DCA 2003) (citing Fla. Stat. § 921.16(2)). An "order of concurrent sentence imposed by the state court is not binding on the federal correctional authorities or courts." Id. Instead, it "is really only a recommendation." Id. (citing Doyle v. State, 615 So. 2d 278, 278 (Fla. 3d DCA 1993)). Because Mr. Camacho was placed in a state prison (Doc. # 215 at 7), his state sentence cannot run concurrently with his federal sentence. See Davis, 852 So. 2d at 357 ("[I]f the Department of Corrections decides to place such inmate in a Florida prison first, . . . the Florida sentence will be served before the inmate is transferred to serve the federal sentence in a federal prison where the order of concurrent sentence imposed by the state court is not binding on the federal correctional authorities or courts.").

4

Mr. Camacho's argument under U.S. Sentencing Guidelines Section 5G1.3 also fails. The provision states, in relevant part:

> If subsection (a) does not apply, and a state term of imprisonment is anticipated to result from another offense that is **relevant conduct** to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.

U.S.S.G. § 5G1.3(c) (emphasis added). By its terms, this provision would only apply if Mr. Camacho's state offense was relevant conduct to the federal offense for which he was sentenced. However, Mr. Camacho's state offense occurred while he was on pre-trial release pending sentencing for his federal offense. (Doc. # 215 at 1-2, 8). It is not related to the conduct underlying his federal offense and is thus not relevant conduct. See U.S.S.G. § 1B1.3 (defining relevant conduct).

Therefore, Mr. Camacho's Motion must be denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Florlando Medina Camacho's pro se Motion to Correct Sentence (Doc. # 213) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of March, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE